UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID KLEIN,<br><br>  Plaintiff,<br>-v-<br><br>FARVA JAFRI,<br><br>  Defendant. | 24-CV-1649 (RFT)<br>25-CV-3135 (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**

Pending before me is the motion by Defendants Jafri, Ishchuk, and the Jafri Law Firm to transfer venue to the District of Massachusetts (ECF 134). The parties have consented to my jurisdiction for all purposes. I heard argument on this motion on October 24, 2025.

Transfer of venue to another district is permitted "for the convenience of parties and witnesses" and "in the interest of justice" so long as the case might have originally been brought in the transferee district. 28 U.S.C. § 1404(a). Courts have broad discretion to determine whether to transfer venue based on notions of convenience and fairness with the goal of minimizing costs, preventing waste of time and energy, and protecting litigants, witnesses and the public against "unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also In Re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); *Everlast World's Boxing Headquarters Corp v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013).

A motion to transfer under 28 U.S.C. § 1404(a) involves a two-step inquiry. *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017). First, the

1

court must determine whether the action could have been brought in the transferee district. *Id.* Then, the court must consider factors including,

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the party.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006). Courts also may consider the comparative familiarity of each district with the governing law, judicial economy and the interests of justice. *Everlast World's Boxing Headquarters Corp.*, 928 F. Supp. 2d at 743.

The moving party bears the burden of demonstrating by clear and convincing evidence that the transfer is justified, but the district court retains "considerable discretion" based on the totality of circumstances. *Forjone v. California*, 425 F. App'x. 73, 74 (2d Cir. 2011); *see also New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010). "[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue." *Everlast World's Boxing Headquarters Corp.*, 928 F. Supp. 2d at 737 n.1.

I assume without deciding that each Defendant is subject to jurisdiction in Massachusetts under the Massachusetts long-arm statute and consider each of the other factors. For the reasons set out on the record, I conclude that five factors – (1) the deference owed to the Plaintiff's choice of forum, (2) the convenience of witnesses, (3) the locus of operative facts, (4) each district's familiarity with relevant law, and (5) the interests of justice and judicial economy – do not support transfer. Of particular note, Defendants have not

demonstrated that the events that took place in Massachusetts were more significant than the events that took place in this District; and this Court's familiarity with the case means that it would be highly inefficient for another court to have to get up to speed on the relevant facts, law, and procedural history.

Also for the reasons set out on the record, I conclude that four factors – (1) the location of documents, (2) the convenience of the parties, (3) the availability of process to compel unwilling non-party witnesses, and (4) the relative means of the parties – are neutral.

In sum, after considering all nine factors, including those that courts hold most important in the transfer decision, I conclude that Defendants have not met their burden of showing by clear and convincing evidence that transfer is warranted.

## CONCLUSION

For the foregoing reasons and the reasons stated on the record, Defendants' motion to transfer venue to the District of Massachusetts is DENIED.

Dated: New York, New York
October 24, 2025

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

3